# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JIMMY G. NIXON, SR. | : | DOCKET NO. 2:05-cv-650<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| JOE P. YOUNG | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jimmy G. Nixon, Sr., pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner states that on April 24, 1997, he was convicted by a jury in the United States District Court for the Middle District of Louisiana of 6 counts of mail fraud, 7 counts of wire fraud, 7 counts of financial transactions, and 14 counts of money laundering. Petitioner filed a direct appeal of his conviction with the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed his conviction on February 7, 2000. Petitioner also filed a Motion to Vacate under 28 U.S.C. § 2255 challenging his convictions and sentence.

Petitioner filed this § 2241 petition on May 9, 2005. In this petition, the petitioner challenges his convictions and sentence. Specifically, he claims that the indictment was defective, that the government failed to carry its burden of proof, that the trial court lacked jurisdiction over his case, and that his sentence was illegally enhanced. Petitioner specifically filed this petition under § 2241, claiming that the remedy provided by § 2255 is inadequate and ineffective to challenge his detention.

## LAW AND ANALYSIS

A petition filed pursuant to 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal sentence based upon errors which occurred before and at the sentencing. *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111 (5th Cir. 1990). A petition filed pursuant to 28 U.S.C. § 2241 is the proper procedural vehicle to attack the manner in which the sentence is being executed. *Id.* In order to utilize § 2241 to challenge errors which occurred at trial or at sentencing, the petitioner must satisfy the "savings clause" of 28 U.S.C. § 2255 by demonstrating that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. *Padilla, supra; Christopher v. Miles,* 342 F.3d 378, 381-82 (5th Cir. 2003); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena, supra; Tolliver, supra.*

In order to file a 28 U.S.C. § 2241 petition for writ of *habeas corpus* pursuant to the savings clause of 28 U.S.C. § 2255, the petitioner must show:

1. His claims are based upon a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of an non-existent offense; and

2. His claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.

*Padilla v. Dobre*, 101 Fed. Appx. 469 (5th Cir. 2004); *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830; *Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003).

"[A] prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." *Jeffers,* 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).

Petitioner has failed to allege facts which demonstrate that § 2255 is an inadequate or

ineffective remedy. Petitioner neither points to a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a non-existent offense[1] nor demonstrates that his claims were foreclosed by circuit law at the time of his conviction, appeal, or prior § 2255 motion. *See Davis v. Hastings*, 95 Fed. Appx. 553, 2004 WL 848294 (5th Cir. 2004). Instead, petitioner merely argues that § 2241 is the only remedy available to him because he has filed a prior unsuccessful § 2255 motion and because he is precluded from filing a second or successive § 2255 motion because of the statute of limitations contained in that provision. This argument is insufficient to carry his burden.

Because petitioner cannot satisfy the savings clause test, he cannot utilize 28 U.S.C. § 2241 to challenge his conviction or sentence. Accordingly, the court lacks jurisdiction to consider the merits of the petition. *Christopher v. Miles,* 342 F.3d at 385; *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005).

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

[1] To the extent that petitioner may be relying on *United States v. Booker,* — U.S. —, 125 S.Ct. 738 (2005) to support his claim that his sentence was unlawfully enhanced, the court notes that the Fifth Circuit has specifically held that *"Booker*'s holding is not retroactively applicable to cases on collateral review." *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005)

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of September, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE